## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY L. LIVINGSTON, | : | CIVIL NO. 4:CV-06-0263 |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| Warden SMITH, <u>et</u> <u>al</u>., | : | |
| | : | |
| Respondents | : | |

**ORDER**

February 16, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Anthony L. Livingston ("Petitioner" or "Livingston"), an inmate confined at the United States Penitentiary, in Lewisburg, Pennsylvania originally filed the above captioned Petition for Writ of Habeas Corpus ("the Petition") in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1).  Along with his Petition, Livingston filed an application to proceed <u>in forma pauperis</u>.  By Order dated January 31, 2006, the New Jersey District Court transferred the Petition to the United States District Court for the Middle District of Pennsylvania.

The Petition has been given preliminary consideration pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).   Rule 4 provides in pertinent part the following: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.  For the reasons that follow, the Petition will be dismissed.

## Background

On February 6, 2002, Livingston  was convicted of bank robbery in the United States District Court for the District of New Jersey.  See United States v. Livingston,

Crim. No. 01-465-JBS-1 (D.N.J. Feb. 4, 2002).  He was sentenced to a 220 month term of imprisonment, followed by three years supervised release.  Id.

Petitioner, thereafter, filed several motions to vacate his sentence pursuant to 28 U.S.C. § 2255, which were consolidated by the New Jersey District Court and denied on February 26, 2004.  See Livingston v. United States, Civil No. 02-0605-JBS (D.N.J. Feb. 26, 2004).

On June 24, 2004, Livingston sought permission from the United States Court of Appeals for the Third Circuit to file a second or successive § 2255 petition, which was denied on August 9, 2004, for Petitioner's failure to show that his claim relies on new evidence or a new rule of constitutional law made retroactively applicable by the United States Supreme Court.  In re Livingston, C.A. No. 04-2791 (3d Cir. Aug. 9, 2004).  Petitioner subsequently filed another motion to vacate pursuant to 28 U.S.C. § 2255, which the New Jersey District Court denied for lack of jurisdiction on August 23, 2004.  See Livingston v. United States, Civil No. 04-3933-JBS (D.N.J.  2004).

On November 28, 2005, Livingston filed the above captioned Petition, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey.  Livingston v. Smith, Civil No. 05-5583-JBS (D.N.J. 2005).  By Order dated January 31, 2006, the action was transferred to the United States District Court for the Middle District of Pennsylvania, the district in which Petitioner is confined.

3

Petitioner states that he is "raising an objection to the issue of sentencing guideline upward departures because of criminal history is not in the guideline manual."  (Rec. Doc. 1, at 4, ¶ 8 (a)(5)).  He claims that his "guideline range was changed from '151 months to 188 months' to '188 months to 225 months' by enhancing" his sentence with his prior criminal history  Id.  For relief, Livingston seeks to have his sentence vacated and remanded to the sentencing judge for resentencing.  (Rec. Doc. 1).

**Discussion**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A challenge to the validity of a conviction or sentence must be brought in the sentencing court by way of a § 2255 motion.  See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000), aff'd, 262 F.3d 404 (3d Cir. 2001).  Here, Livingston is clearly challenging his sentence.  Thus, his proper avenue of relief is a § 2255 motion filed in the District of New Jersey where he was convicted and sentenced.  See 28 U.S.C. § 2255 (stating that prisoners in federal custody may apply for relief from "the court which imposed the sentence").

A defendant can pursue a § 2241 petition only when he or she shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his

detention." Id.; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope

or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing

and adjudication of [a] wrongful detention claim." Okereke v. United States, 307

F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d

536, 538 (3d Cir. 2002) (per curiam)), cert. denied, 537 U.S. 1038 (2002). "It is the

inefficacy of the remedy, not the personal inability to use it, that is determinative."

Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.

1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior

unsuccessful §- 2255 motion, or the inability to meet the . . . second or successive

requirement, does not make § 2255 inadequate or ineffective."). Section 2241 should

not be used as a way of evading the gatekeeping requirements of § 2255. Brown v.

Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly

challenges a federal conviction or sentence under § 2241, the petition must be

dismissed for lack of jurisdiction. In re Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)

(per curiam), cited with approval in Cradle, 290 F.3d at 538.

Here, Livingston has sought and been denied permission by the Third Circuit

Court of Appeals to file a second § 2255 motion challenging his conviction and

sentence. It is the Petitioner's burden to prove that §2255 would be an inadequate

or ineffective remedy.  Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Livingston has not met this burden.   Section 2255 is not inadequate or ineffective merely because Livingston is unable to meet the gatekeeping requirements for filing a second § 2255 motion.   In re Dorsainvil, 119 F.3d at 251.   Thus, because Livingston has not established that § 2255 is inadequate to provide relief for his claim, the court will dismiss the Petition for lack of jurisdiction.   See Galante, 437 F.2d at 1165.

**NOW, THEREFORE, IT IS ORDERED THAT:**

> 1.   Petitioner's motion to proceed in forma pauperis (doc. 1) is **GRANTED** for purposes of filing the Petition only.
>
> 2.   The Petition for Writ of Habeas Corpus (doc. 1) is **DISMISSED** for lack of jurisdiction.
>
> 3.   The Clerk of Court is directed to **CLOSE** this case.


s/ John E. Jones III
John E. Jones III
United States District Judge